IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02526-GPG

ALLEN M. DAWKINS,

    Plaintiff,

v.

COLORADO DEPARTMENT OF CORRECTIONS INMATE BANKING,

    Defendant.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Allen M. Dawkins, is a prisoner in the custody of the Colorado Department of Corrections ("DOC"). Mr. Dawkins has filed *pro se* a Prisoner Complaint (ECF No. 5) pursuant to 42 U.S.C. § 1983. The court must construe the Prisoner Complaint liberally because Mr. Dawkins is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. Mr. Dawkins will be ordered to file an amended complaint if he wishes to pursue his claim in this action.

    As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined the Prisoner Complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that

the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The pleading requirements of Rule 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Mr. Dawkins complains that prison officials have been deducting funds from his inmate account to pay restitution stemming from a 2010 prison disciplinary conviction rather than using the funds to make child support payments on his behalf.  Thus, according to Mr. Dawkins, "[t]he Colorado Department of Corrections has been embezzling 20% from [his] Inmate banking account each month for their own personal gain."  (ECF No. 5 at 3.)  As relief Mr. Dawkins asks that Defendant be ordered "to back pay Mr. Allen M. Dawkins['] child support case #031799279920 from November 2007 to the present day" and to pay court costs and he asks to be "placed in compliance with the Division of Child Support Services and the Colorado Department of Revenue Division of Motor [V]ehicle."  (*Id.* at 4.)

2

Mr. Dawkins fails to provide a short and plain statement of his claim showing he is entitled to relief because he fails to identify the federal right allegedly violated. As noted above, Mr. Dawkins asserts his claim pursuant to 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). Therefore, Mr. Dawkins must identify the specific federal right allegedly violated and he also must allege specific facts in support of his claim that demonstrate a federal right has been violated. *See Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated").

The court will not speculate about the precise claim Mr. Dawkins is asserting because it is his responsibility to present his claim clearly and concisely in a manner that allows the court and Defendant to know what claim is being asserted and to be able to respond to that claim. Furthermore, the general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Thus, "in analyzing the sufficiency of the plaintiff's complaint, the court need accept as true only the plaintiff's well-pleaded factual contentions, not his conclusory allegations." *Hall*, 935 F.2d at 1110. Accordingly, it is

ORDERED that Mr. Dawkins file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.   It is

FURTHER ORDERED that Mr. Dawkins shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.   It is

FURTHER ORDERED that, if Mr. Dawkins fails to file an amended complaint that complies with this order within the time allowed, the action will be dismissed without further notice.

DATED December 10, 2015, at Denver, Colorado.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge